RECEIVED
IN LAKE CHARLES, LA.

MAR -8 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

IN RE: DOLGENCORP, INC.          :     DOCKET NO. 2:10-MD-00001-PM-KK

                                 :     JUDGE MINALDI

                                 :     MAGISTRATE JUDGE KAY

## ORDER

Before the court is the plaintiffs,' Robin Benoit, Ruth Boudreaux, Tida Rose Bourgeois, Alma Davis, Marilyn DeLeon, Zetherneal Drummond, Sherin Dumond, Belinda Ellingburg, Sarah Fitzpatrick, Sandra Francis, Mary Godwin, Caroline Goodly, Diane Green, Deborah Griffin, Brenda Hairford, Eva Lopez, Gay May, Johnny Moore, Shelia Nelson, Carolyn Pitre, Tommy Roark, Maxine Schexnayder, Beverly Silva, Heather Smith, Janie Stabile, Melinda Strange, Linda Wheeler, and Molly Young's (collectively, "plaintiffs") and defendant Dolgencorp, Inc.'s ("Dollar General") Joint Motion for Order Approving Individual Settlements [Doc. 11].

The cases between the plaintiffs and Dollar General arise out of the plaintiffs' allegations that Dollar General violated the Fair Labor Standards Act ("FLSA") by not paying them overtime.  In each case, Dollar General contends that these plaintiffs were properly classified as

exempt managerial employees, and thus were not entitled to any overtime pay under the FLSA.[1]

The twenty-nine plaintiffs listed above have now reached settlements in their individual lawsuits

with Dollar General.[2] They now request either court approval of their settlements or else a

decision from this court finding that court approval of their settlements is not necessary.

As noted by the parties, there is disagreement among the Circuits on whether judicial

approval is required to validate settlements of bona fide disputes under the FLSA. *See Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (holding that, pursuant

to 29 U.S.C. § 216(c), FLSA claims may not be settled without the approval of the Department of

Labor or the courts). A recent Fifth Circuit opinion indicates, however, that private settlements

of FLSA claims where there is a bona fide dispute (as to hours worked or rate of pay) can be

privately settled without court approval. *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d

247, 255 (holding that "the payment offered to and accepted by [plaintiffs], pursuant to the

Settlement Agreement, is an enforceable resolution of those FLSA claims predicated on a bona

fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights

themselves."). The Fifth Circuit's Judge Higginson found that the settlement reached in *Martin*,

in which the plaintiffs seeking overtime pay were "benefitting from legal counsel before the

Settlement Agreement was signed," and had retained attorneys before the first amended

complaint was submitted, was distinguishable from the settlement agreements which required

---

[1] In one similar case, the Western District of Louisiana's Magistrate Judge Hayes and Judge James agreed with Dollar General, granting Dollar General's Motion for Summary Judgment based on the conclusion that the plaintiff qualified for the executive exemption to the overtime requirement imposed by the FLSA. *Dizer v. Dolgencorp, Inc.*, No. 3:10-CV-699, 2012 U.S. Dist. LEXIS 24025 (W.D. La. Jan. 12, 2012).

[2] While some of these individual cases are before other judges, both the parties and the other presiding judges have consented to the undersigned resolving this motion for all plaintiffs. [Doc. 13] (minutes of conference before Magistrate Judge Kay indicating that the plaintiffs and Dollar General requested settlement approval through this MD proceeding) [Doc. 14] (electronic minute entry from Magistrate Judge Kay indicating that all district judges assigned to these cases approved of the undersigned resolving this motion).

court approval in the heavily cited Eleventh Circuit's *Lynn's Food Stores* case. This was so, Judge Higginson reasoned, because unlike in *Martin*, in *Lynn*, the court needed to approve the individual settlement agreements because some employees did not even know they had been awarded back wages under the FLSA or that they had rights under the FLSA, and had not, in some instances, retained representation. *Id.* at n.10.

Looking to the parties' Agreed Stipulation [Doc. 11-1], the parties stipulated that the number of hours worked by each plaintiff, the method of calculating overtime, and any overtime rate of pay was disputed prior to settlement negotiations. Just as in *Martin*, a bona fide dispute existed at the time of the parties' settlement agreement over the amount of unpaid wages owed to the plaintiffs. *Id.* at 255. Accordingly, just like in *Martin*, where the court held that the private settlement was a release of the plaintiff's FLSA rights because a bona fide dispute over the number of hours worked existed, here, the settlement relieves the plaintiffs of their FLSA claims because the settlement resolves a bona fide dispute over the number of hours the plaintiffs worked. *Id.* Therefore,

**IT IS ORDERED** that the Joint Motion for Order Approving Settlements is **DENIED**, as the parties do not require judicial approval of their FLSA private settlement.

Lake Charles, Louisiana, this ___ day of ___, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE